FILED
CLERK, U.S. DISTRICT COURT

DEC 13 2013

CENTRAL DISTRICT OF CALIFORNIA
BY ____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| US BANK NATIONAL ASSOCIATION, as Trustee for Credit Suisse, FIRST BOSTON MORTGAGE ACCEPTANCE CORP., MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-1,<br><br>Plaintiff,<br><br>v.<br><br>DAVID CRAIG, DOES 1 to 10, inclusive,<br><br>Defendant. | No. CV 13-8355 UA (DUTYx)<br><br>ORDER SUMMARILY REMANDING ACTION TO STATE COURT AND PROHIBITING DEFENDANT FROM FILING ANY FURTHER NOTICE OF REMOVAL OF LOS ANGELES SUPERIOR COURT CASE NO. 12H01759 |

The Court will remand this "Complaint for Unlawful Detainer," Case No. 12H01759, to state court summarily because Defendant removed it improperly.

On November 12, 2013, Defendant Jim Poet, having been sued in what appears to be a routine unlawful detainer action in California state court, lodged a Notice of Removal of that action to this Court and also presented an application to proceed *in forma pauperis*. Defendant has previously removed this same unlawful detainer proceeding on one prior occasion. On the prior occasion, this Court remanded the action noting that federal jurisdiction does not exist.

The Court has denied the *in forma pauperis* application under separate cover because the action, again, was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to

state court. Moreover, to prevent Defendant from further abusing the federal court to obstruct his state proceedings without any basis, the Court issues this order prohibiting him from filing any further notice of removal with respect to this unlawful detainer action.

Simply stated, as the Court has previously determined, Plaintiff could not have brought this action in federal court in the first place, in that Defendant does not competently allege facts supplying either diversity or federal-question jurisdiction, and therefore removal is improper. 28 U.S.C. § 1441(a); *see Exxon Mobil Corp v. Allapattah Svcs., Inc.*, 545 U.S. 546, 563, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005). Even if complete diversity of citizenship existed, the amount in controversy does not exceed the diversity-jurisdiction threshold of $75,000. *See* 28 U.S.C. §§ 1332, 1441(b). On the contrary, the unlawful-detainer complaint recites that the amount in controversy does not exceed $10,000.

Nor does Plaintiff's unlawful detainer action raise any federal legal question. *See* 28 U.S.C. §§ 1331, 1441(b).

Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the Superior Court of California, County of Los Angeles, Chatsworth Courthouse, 9425 Penfield Avenue, Chatsworth, California 91311 for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) that the Clerk send a certified copy of this Order to the state court; and (3) that the Clerk serve copies of this Order on the parties.

///
///
///
///
///
///
///
///

    IT IS FURTHER ORDERED that Jim Poet is prohibited from filing any further Notice of Removals of this case from state court without an Order of the Court or of the Chief Judge of the Central District of California allowing him to do so.

    IT IS SO ORDERED.

DATED: 12/11/13

                                    GEORGE H. KING
                              Chief United States District Judge

Presented by:

/S/ FREDERICK F. MUMM
FREDERICK F. MUMM
United States Magistrate Judge

3